UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL CASE NO.   1:22-CV-51-GNS
*Electronically Filed*

BARBARA BLANKENSHIP,   PLAINTIFFS
VALERIE NAUGLE and
STEVIE RULEY

v.

JOSEPH R. RICHARDSON   DEFENDANTS
    **Serve**:
    135 W. Curtis Road
    Edmonton, KY  42129

J. P. GRAHAM TRANSPORT, INC.
    **Serve**: Multi-States Agent for Process, Inc.
    Alan Siddens, Consultant
    1933 Finney Road
    Glasgow, KY  42141

## COMPLAINT

Plaintiffs, Barbara Blankenship, Valerie Naugle and Stevie Ruley, for their Complaint against Defendants, Joseph R. Richardson and J. P. Graham Transport, Inc., state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Barbara Blankenship, is a citizen and resident of the state of Tennessee, currently residing in Lafayette, Tennessee.

2. Plaintiff, Valerie Naugle, is a citizen and resident of the state of Tennessee, currently residing in Westmoreland, Tennessee.

3. Plaintiff, Stevie Ruley, is a citizen and resident of the state of Tennessee, currently residing in Lebanon, Tennessee.

4. At all relevant times, Defendant, Joseph R. Richardson ("Defendant Richardson"), is a citizen and resident of the Commonwealth of Kentucky, residing at 135 W. Curtis Road, Edmonton, Kentucky 42129.

5. At all relevant times, Defendant, J. P. Graham Transport, Inc. ("Defendant J. P. Graham"), is a Pennsylvania corporation incorporated under the laws of the State of Pennsylvania, with its principal place of business located at 420 Constitution Boulevard, Fallston, PA 15066.

6. Defendant J. P. Graham has designated Multi-States Agent for Process, Inc./Alan Siddens, Consultant as its registered agent of process, who can receive service at 1933 Finney Road, Glasgow, KY 42141.

7. The Plaintiffs' medical bills claimed in this case exceed $500,000 to date and all of the Plaintiffs are still receiving treatment.

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs, who are all Tennessee citizens, and the Defendants, who are citizens of Kentucky and Pennsylvania, and because the amount in controversy exceeds $75,000.

9. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(a) because the facts giving rise to the Plaintiffs' allegations all occurred in Allen County, Kentucky, which is located within the Western District of Kentucky, Bowling Green Division.

## COUNT I – COMMON LAW NEGLIGENCE AGAINST DEFENDANT J. P. GRAHAM TRANSPORT, INC.

10. On or about March 24, 2022, in Scottsville, Allen County, Kentucky, J. P. Graham employee, Defendant Richardson was operating a truck owned by J. P. Graham on New Gallatin Road.

11. The truck was operated by Defendant Richardson on behalf of his employer, Defendant J. P. Graham.

12. As Defendant Richardson was operating the J. P. Graham truck, he failed to observe traffic and rear-ended the vehicles in which Plaintiffs were traveling.

13. Defendant Richardson operated the J. P. Graham truck in a negligent, careless, and reckless manner, causing serious injuries to Plaintiffs, for which Defendant J. P. Graham is vicariously liable.

14. As a direct and proximate result of the gross negligence and carelessness of Defendants Joseph Richardson and J. P. Graham, the Plaintiffs, Barbara Blankenship, Valerie Naugle and Stevie Ruley, sustained serious and permanent injuries to their bodies, causing them to incur bills and charges for physicians and medical expenses in treatment, great physical and mental pain and anguish, the loss of enjoyment of life and impairment of earning capacity.

15. Plaintiffs, Barbara Blankenship, Valerie Naugle and Stevie Ruley, will continue to suffer such damages in the future, as their injuries are permanent in nature, and are at increased likelihood of future complications due to the severity and permanent nature of their injuries.

## COUNT II – NEGLIGENCE *PER SE* AGAINST DEFENDANTS JOSEPH RICHARDSON & J. P. GRAHAM

16. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

17. Defendant Richardson violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.330, 189.338, KRS 189.390, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiffs, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which Defendant J. P. Graham is vicariously liable.

18. The injuries sustained by Plaintiffs are of the type which these statutes seek to prevent and that such injuries were proximately caused by Defendant Richardson's violation of these statutes, for which Defendant J. P. Graham. is vicariously liable.

19. As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Joseph Richardson and J. P. Graham, the Plaintiffs, Barbara Blankenship, Valerie Naugle and Stevie Ruley, sustained serious and permanent injuries to their bodies, causing them to incur bills and charges for physicians and medical expenses in treatment, great physical and mental pain and anguish, the loss of enjoyment of life and impairment of earning capacity.

20. Plaintiffs, Barbara Blankenship, Valerie Naugle and Stevie Ruley, will continue to suffer such damages in the future, as their injuries are permanent in nature, and are at increased likelihood of future complications due to the severity and permanent nature of their injuries.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISING, AND ENTRUSTMENT AGAINST DEFENDANT J. P. GRAHAM

21. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

22. Defendant J. P. Graham has a duty to act reasonably in hiring, instructing, training, supervising, and retaining its drivers and other employees and agents, including Defendant Richardson, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

23. Defendant J. P. Graham had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

24. Defendant J. P. Graham was negligent, careless, and reckless with regard to the duties set forth above, causing serious injury to Plaintiffs, for which it is directly liable.

25. Defendant J. P. Graham violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiffs, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

26. As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Joseph Richardson and J. P. Graham, the Plaintiffs, Barbara Blankenship, Valerie Naugle and Stevie Ruley, sustained serious and permanent injuries to their bodies, causing them to incur bills and charges for physicians and medical expenses in treatment, great physical and mental pain and anguish, the loss of enjoyment of life and impairment of earning capacity.

**WHEREFORE**, Plaintiffs, Barbara Blankenship, Valerie Naugle and Stevie Ruley, demand judgment against Defendants Joseph Richardson and J. P. Graham as follows:

A. A trial by jury on all issues of fact herein;

B. For actual, special, punitive, and compensatory damages permitted by law, in an amount greater than the jurisdictional minimum of this Court;

C. For prejudgment interest from the date of the Plaintiffs' injuries until such time the judgment is paid;

D. For Plaintiffs' costs herein expended; and,

E. For any and all other relief to which the Plaintiffs is entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiffs as a result of this action and that the failure to assert subrogation rights by

intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiffs as a result of this action.

The parties notified are as follows:

United Healthcare
Subrogation Department
P. O. Box 5199
Westborough, MA  01581

Tenncare - United Healthcare
Subrogation Department
12125 Technology Drive
Eden Prairie, MN 55344

Medicare
Subrogation Department
PO Box 138832
Oklahoma City, OK 73113

RESPECTFULLY submitted this 2nd day of May 2022.

/s/ Adrian Mendiondo
ADRIAN MENDIONDO
SHEA W. CONLEY
Morgan & Morgan Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 469-7954
Facsimile: (859) 899-9765
amendiondo@forthepeople.com
sconley@forthepeople.com
*Counsel for Plaintiff*